Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3343 | **DATE** | 5/24/2004 |
| **CASE TITLE** | | Crest Hill Land vs. City of Joliet | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 06/21/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, the Court hereby denies the defendant's motion for summary judgment on Count II and grants plaintiff's motion for summary judgment on Count II. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 25 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. Counsel for the parties picked-up copies of the memorandum opinion from the Courtroom Deputy. | | 50 |
| | Mail AO 450 form. | 2004 MAY 25 PM 12:52 U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | date mailed notice |
| courtroom deputy's initials | MW | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CREST HILL LAND DEVELOPMENT, LLC.,

    Plaintiff,

v.                      No. 03 C 3343

THE CITY OF JOLIET,

    Defendant.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Crest Hill Land Development LLC's ("Crest") motion for summary judgment on Count II of the complaint and on Defendant the City of Joliet's ("City") cross motion for summary judgment on Count II of the complaint. For the reasons stated below we deny the City's motion for summary judgment and grant Crest's motion for summary judgment.

## BACKGROUND

In July of 2000 Crest purchased 168 acres of property in Crest Hill, Illinois intending to develop a business park containing a mix of light manufacturing

1

facilities, distribution centers, and warehouses. The vehicle entrance to the proposed business park is on a street named Division Street. Crest claims that it met with the City prior to the purchase of the property and that the parties agreed that truck traffic could proceed from the business park to main highways. In April of 2001 the City Council imposed a total prohibition on truck traffic on Division Street. Crest brought the instant action seeking declaratory and injunctive relief. Count I of the complaint alleges a claim based on an alleged violation of the Surface Transportation Assistance Act, 49 U.S.C. § 31114. Count II of the complaint alleges a claim based on a violation of 625 ILCS 5/15-102 of the Illinois Motor Vehicle Code. On May 22, 2003 Judge Holderman, the prior judge in this case, entered a preliminary injunction enjoining the City from enforcing its truck prohibition on Division Street. Crest and the City have now each moved for summary judgment on Count II.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must

identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co*, 212 F.3d 969, 972 (7th Cir. 2000).

3

## DISCUSSION

Crest argues that the City's truck prohibition on Division street violates 625 ILCS 5/15-102 which states in part as follows:

> (e-1) A vehicle and load more than 8 feet wide but not exceeding 8 feet 6 inches in width is allowed access according to the following: ... (4) A vehicle and load not exceeding 80,000 pounds in weight is allowed access from a Class I or Class II highway onto any State highway or *any locally designated highway* for a distance of 5 highway miles for the purpose of loading, unloading, food, fuel, repairs, and rest.

625 ILCS 5/15-102(e-1)(4)(emphasis added).

I. Judicial Admission

Crest argues that the City is bound by its admission in its original answer in which the City agreed that Division street is a locally designated highway. Judicial admissions are admissions made in "the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. U.S.*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). However, if a party is given leave to "submit an amended pleading, the statements made in earlier pleading are not judicial admissions." *Clark v. Fairbanks Capital Corp.*, 2003 WL 21277126, *5-6 (N.D. Ill. 2003)(citing *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 736 (7th Cir.2002)).

On November 13, 2003 we granted Crest's motion for leave to file an

4

amended complaint to change one date in the complaint from 1999 to 1998. On November 19, 2003 the City filed an answer to the amended complaint. However, the City in its proposed amended answer made alterations to paragraphs that were not altered by Crest in the amended complaint. Generally, a party needs to seek leave in order to file an amended answer after discovery is completed and dispositive motions are filed. Fed. R. Civ. P. 15(a). However, if an amended complaint substantively alters the scope of the allegations then the defendant may amend its answer. In the instant case the amended complaint merely changed a date and the complaint did not alter the scope of the allegations. Therefore, the City was required to seek leave before it filed an amended answer. Fed. R. Civ. P. 15(a). *See also Eolas Techs. Inc. v. Microsoft Corp.*, 2002 WL 31375531, at *32 (N.D. Ill. 2002)(holding that the defendant did not need to seek leave to amend its answer because the amended complaint changed the scope of the allegations of the complaint); *Fuente v. Honeggers & Co., Inc.*, 1987 WL 9019, at *1 (N.D. Ill. 1987)(stating that if "a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff" and that Rule 15(a) allows "defendants to freely replead [only if] the plaintiff has substantively changed the nature the case.").

On December 9, 2003 the City filed a motion for leave to file an amended answer and on January 22, 2004 we denied the motion. The City expressly admitted in its original answer to the original complaint that Division Street is a locally designated highway. (Ans. par. 45). It was not until five months later on November 19, 2003 when the City attempted to file an amended answer without leave that it gave any indication that the City contested the fact. Discovery closed on October 20, 2003. Depositions of City officials were already taken prior to November 19, 2003 and Crest had already filed its motion for summary judgment. The City argues that Crest should have understood all along that the City contested the allegation that Division Street is a locally designated highway by the fact that the City made various arguments regarding whether Division Street was a truck route. However, based upon the City's admission in its original answer it is not logical that Crest would necessarily make such an indirect conclusion.

II. Amendment to Clarify Long-held Position

The City also argues that in its proposed amended answer it merely sought to clarify its position at the beginning of this suit. However, it is clear that the City's attempted amendment to its answer was merely an attempt to change the City's position in regards to paragraph 45 of the complaint in order to allow the City to

6

pursue new arguments against Crest. In the City's answer to the motion for a preliminary injunction the City argued that Crest would not succeed on the merits and the City argued that the truck prohibition does not violate 625 ILCS 5/15-102 of the Illinois Motor Vehicle Code, but the City made no mention of its contention that Division Street was not a locally designated highway. To allow the City to make such a material amendment to its answer that is directly opposite to the original answer after discovery was completed and after Crest filed its motion for summary judgment would have been prejudicial to Crest and to the judicial system. *See Fort Howard Paper Co. v. Standard Havens, Inc*, 901 F.2d 1373, 1379-80 (7th Cir. 1990)(stating that "[i]t is wholly within a district court's discretion to deny an amendment to the pleadings for delay and prejudice to the opposing party. . . [and that] [b]eyond prejudice to the parties, a trial court can deny amendment when concerned with the costs that protracted litigation places on the courts [because] [d]elay impairs the 'public interest in the prompt resolution of legal disputes [and] [t]he interests of justice go beyond the interests of the parties to the particular suit [and] extreme, 'delay itself may be considered prejudicial.")(quoting *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir.1988)); *Jupiter Aluminum Corp. v. Home Ins. Co*, 181 F.R.D. 605, 609 (N.D. Ill. 1998)(stating that "[a]n amendment should not be denied merely due to the passage of time between

the original filing and the attempted amendment," but should be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party" or "futility of the amendment.")(quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Thus, we denied the City's motion for leave to amend its answer. Since, the City made a judicial admission in its answer that Division Street is a locally designated highway, it is precluded from arguing otherwise in its motion for summary judgment.

### III. Amendment to Clarify Ambiguous Response

The City also argues that its original response to paragraph 45 of the original complaint was ambiguous. We disagree. Paragraph 45 of the complaint and amended complaint states: "As also set forth above, U.S. Route 30 is a Class II highway and Division Street is a locally designated highway, and the distance between U.S. Route 30 and the Proposed Business Park's entrance on Division Street is approximately one mile." The City's response to paragraph 45 in its original answer is as follows: "Defendant admits to the descriptions of U.S. Route 30 and Division Streets. Defendant further answers that the reaming [sic] allegations of Paragraph 45 are without sufficient specificity for Defendant to form a belief as to

8

the truth of those allegations, and Defendant, therefore neither admits nor denies those allegations."

The City argues that because it responded that it admitted paragraph 45 in part and neither admitted nor denied part of paragraph 45 that the City's response is confusing an ambiguous. This is untrue. The City first expressly admits to the accuracy of the "descriptions of U.S. Route 30 and Division Streets." Thus, the city admitted that Division Street was a "locally designated highway" as it is described in paragraph 45. The remaining portion of the City's answer to paragraph 45 indicating that the remaining allegations in paragraph 45 lack specificity clearly refers to the assertion regarding the distance between the proposed business park and Route 30.

The City also makes arguments concerning whether or not Division Street was a designated truck route. However, we agree with Crest that whether or not Division Street was a truck route is not dispositive in regards to determining whether or not Division Street is a locally designated highway.

## CONCLUSION

Based on the foregoing analysis, we deny the City's motion for summary judgment on Count II and grant Crest's motion for summary judgment on Count II.

 

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 24, 2004